**Adam D. Ford** (UTB# 11363)
**Matthew B. Crane** (UTB# 13909)
Ford & Crane PLLC
4161 N. Thanksgiving Way, Suite 300
Lehi, UT 84043
Telephone: (801) 331-8668
Email: adam.ford@fordcranelaw.com
       matthew.crane@fordcranelaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| CAROLYN FORD,<br><br>        Plaintiff,<br>vs.<br><br>ARS-FRESNO, LLC, a California Limited Liability Company, WA AMERICAN FORK LIMITED, a Utah Limited Partnership, and John Does I – X, XYZ Corporations and/or Limited Liability Companies I – X.<br><br>        Defendants. | **COMPLAINT**<br><br>Case No. 2:16-CV-322-PMW<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Carolyn Ford, by and through her attorneys Adam D. Ford and Matthew B.

Crane of Ford & Crane PLLC hereby files complaint against ARS-Fresno, LLC, WA American

Fork Limited, John Does I – X, Corporations I – X and/or Limited Liability Companies I – X,

and alleges as follows:

## INTRODUCTION

1.      This action seeks redress against Defendants in the form of declaratory relief and a permanent injunction to enjoin Defendants' unlawful violation of Title III of the Americans with Disabilities Act[1] of 2010 (the "ADA" or the "Act"), along with attorney's fees and costs as allowed by the Act[2] as well as causes of action under Utah State law as set forth below. Defendants maintain illegal architectural barriers to access on their premises and have failed to make necessary modifications to allow persons with disabilities to fully enjoy the goods and services offered to the general public as required by the ADA[3].

2.      On July 21, 1990, the United States Department of Justice issued design standards to be implemented in the construction of new buildings (the "1991 Standard").  These regulations are titled as the ADA Standards for Accessible Design and are codified at 28 C.F.R. Part 36.  Appendix A to Part 36 contains the ADA Accessibility Guidelines (referred to herein as "ADAAG"), which are the technical requirements to which buildings constructed on or after January 26, 1991 but before September 15, 2010 must adhere in in order to comply with the ADA.

3.      On September 15, 2010, the Department of Justice revised the ADA Standards for Accessible Design and the ADAAG, which revisions are codified at 28 C.F.R. Part 36, subpart D and Part 1191 (the "2010 Standard").  The 2010 Standard applies to buildings constructed or

---

[1] 42 U.S.C. §12181 *et. seq.*
[2] 42 U.S.C. §12205.
[3] 42 U.S.C. §12182(a).

altered in a relevant manner after March 15, 2012.  Buildings constructed or altered on or after September 15, 2010 but before March 15, 2012 must comply with either the 1991 or 2010 Standard.

4.      Title III of the ADA specifically governs barriers to access in places of public accommodation operated by private entities such as Defendants.

5.      Defendants' unlawful violations of the ADA also constitute a nuisance as defined by Utah Code Ann. §78B-6-1101(1) which defines the term as "anything which is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Any person whose health, use of property and/or personal enjoyment is lessened by an obstruction may bring suit to enjoin or abate the nuisance and recover damages under Utah Law.

6.      Defendants should also be disgorged of their wrongful financial gains, all economic benefits of their non-compliance under principles of unjust enrichment and equity.

## PARTIES, JURISDICTION AND VENUE

7.      Plaintiff Carolyn Ford is a citizen and resident of the State of Utah.

8.      Plaintiff suffers from pernicious anemia which severely impairs her balance and leaves her unable to stand for more than short periods.  Plaintiff has also been diagnosed with Stiff Person Syndrome (SPS), which is a rare disease which manifests by the stiffening of the muscles that leaves her with limited ability to bend her legs and walk.

9.      Because of Plaintiff's impairments above, she must use assistive devices for mobility—a walker for moving short distances and a wheelchair for any extended travel. Often she is unable to move with her walker at all and on some days is completely confined to her wheelchair.

10.     Plaintiff received a permanent disability handicapped parking permit from the State of Utah approximately a decade ago.

11.     Defendant WA American Fork Limited ("WA American Fork") is a Utah limited partnership which owns the property located at 665 South 500 East (also known as 655 South 500 East)[4], American Fork, Utah 84003 (the "Premises").

12.     Defendant ARS-Fresno, LLC ("ARS") is a California limited liability company doing business on the Premises as ARS#630 and/or under the unregistered trade name, "Food Mart".

13.     The Premises is a "place of public accommodation" subject to the requirements of Title III of the ADA.

14.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, §2201 and 42 U.S.C. §12188.

15.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) as Plaintiff's claims arose in this district and Defendants conduct business herein.

---

[4] Defendant ARS lists its business address on the premises as 655 South 500 East in the American Fork City business license directory.

## FACTUAL ALLEGATIONS

16.     Plaintiff incorporates the foregoing paragraphs herein.

17.     Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person that owns, leases or operates any place of public accommodation.[5]

18.     Under the ADA, failure to remove architectural barriers to access by disabled persons, where readily achievable, constitutes discrimination.[6]

19.     The Department of Justice has defined "readily achievable" as meaning "easily accomplishable and able to be carried out without much difficulty or expense"[7].

20.     Plaintiff Carolyn Ford lives with a permanent disability and must use a walker or a wheelchair for mobility.

21.     Defendants own the Premises and/or lease space or operate a business located at the Premises.  Defendants offer goods and services to the general public and the Premises is a place of public accommodation as defined by C.F.R. §36.104 and 42 U.S.C. §12181(7).

22.     Plaintiff has visited the Premises on several occasions, using her wheelchair, and has encountered barriers to access, which make it impossible for her to fully enjoy the goods and services offered.

---

[5] 42 U.S.C. §12101.
[6] 42 U.S.C. §12181(2)(A).
[7] 28 C.F.R. 6.304(a).

23.     Exhibit "A" (attached hereto) is a photograph showing numbered parking spaces for the purposes of identifying them in this Complaint. Exhibit "A" accurately depicts the location and layout of the numbered parking spaces described therein.

24.     The architectural barriers to access on Defendants' Premises include but are not limited to:

a.     Space 1 (as identified in Exhibit "A") does not have an adjacent access aisle of at least sixty (60) inches as required by ADAAG.[8]

b.     Space 1 has no sign with the International Symbol of Accessibility as required by ADAAG.[9]

c.     Space 1 has portions with a surface slope exceeding 1:48 which violates ADAAG.[10]

d.     The Premises has no van accessible space, access aisle or sign as required by ADAAG.[11]

25.     Removal of the architectural barriers to access is readily achievable and could be completed by Defendants without significant difficulty or expense.

26.     No notice to Defendants is required under ADAAG as a result of Defendants' failure to cure the violations contained herein.

---

[8] 1991 Standard §4.1.2.; 2010 Standard §§502.2, 502.3., 502.3.1.
[9] 1991 Standard §4.6.4.; 2010 Standard §502.6.
[10] 1991 Standard §4.6.3.; 2010 Standard §502.4.
[11] 1991 Standard §4.1.2.; 2010 Standard §§208.2.4., 502.2., 502.6.

27.     Plaintiff is certain to return to the Premises in the future because it is the only gas station at the exit/entrance to I-15 closest to her home. Plaintiff often eats at the Sushi restaurant next door to the Premises and often shops at the thrift store across the parking lot. Plaintiff has filled up with gas and purchased candy/food (to assist her in maintaining a proper blood-sugar level in dealing with her advanced diabetes) at the convenience store on many occasions. Plaintiff is certain to refuel her car and herself at the Premises again in the future.

28.     The barriers to access on the Premises exclude persons with disabilities such as Plaintiff from full and equal enjoyment of the goods, services, privileges and accommodations offered by Defendants.

29.     As a result of Defendants' unlawful architecture and failure to remedy, Plaintiff and other disabled persons are subject to ongoing discrimination due to their disability, as well as embarrassment, distress indignity and limitations to their personal freedom.

30.     Plaintiff has reason to believe that additional violations of ADAAG exist at the Premises and would be revealed with a full inspection of the Premises.

### FIRST CAUSE OF ACTION
### Injunction for Violation of Title III of the ADA

31.     Plaintiff incorporates the foregoing paragraphs herein.

32.     Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person owns, leases or operates any place of public accommodations.[12]

33.     Defendants own, lease and/or operate a place of public accommodation and are subject to the requirements of Title III of the ADA[13].

34.     Under the ADA, failure to remove architectural barriers to access by disabled persons, where readily achievable, constitutes discrimination.[14]

35.     The Department of Justice defined "readily achievable" as meaning "easily accomplishable and able to be carried out without much difficulty or expense"[15].

36.     Defendants have engaged in discriminatory practices by: 1) failing to construct their facility in a way that is readily accessible to persons with disabilities, 2) failing to comply with ADA guidelines when remodeling facilities, 3) failing to remove architectural barriers to access, where removal is readily achievable and 4) operating their facility in a way which does not allow disabled persons to fully and equally the goods and services provided to the general public.

37.     Defendants have continued their discriminatory practices against persons with disabilities by refusing or otherwise failing to remove architectural barriers to access.

---

[12] 42 U.S.C. §12101.
[13] 28 C.F.R. §36.104; 42 U.S.C. §12181(7).
[14] 42 U.S.C. §12181(2)(A).
[15] 28 C.F.R. 6.304(a).

38.     Because of Defendants' unlawful conduct, Plaintiff and other disabled persons have been subjected to discrimination by being unable to fully and equally access the goods, services and facilities offered to the general public, to the fullest extent possible.  Plaintiff and other disabled persons continue to be irreparably harmed as the discrimination is ongoing.

39.     Plaintiff is entitled to a permanent injunction requiring Defendants to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a).

40.     Plaintiff was required to retain counsel to pursue this action and is entitled to an award of reasonable attorney's fees and costs for bringing this suit, as specifically allowed by 42 U.S.C. §12205.

## SECOND CAUSE OF ACTION
### Declaratory Relief

41.     Plaintiff incorporates the foregoing paragraphs herein.

42.     Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201.

43.     Plaintiff requests declaratory judgment: 1) declaring an actual controversy between Plaintiff and Defendants with regard to each of Defendants' violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendants' facility.

## THIRD CAUSE OF ACTION
## Nuisance Under Utah Code Ann. 78B-6-1101, *et. seq.*

44.     Plaintiff incorporates the foregoing paragraphs herein.

45.     Pursuant to Utah Code Ann. §78B-6-1101(1), "A nuisance is anything which is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property. A nuisance may be the subject of an action."

46.     "An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance."[16] "Upon judgment, the nuisance may be enjoined or abated, and damages may be recovered."[17]

47.     Defendants' failure to remove architectural barriers to access by persons with disabilities, as required by the ADA, has created a public nuisance which injuriously affects persons with disabilities and interferes with their personal enjoyment

48.     Plaintiff's personal enjoyment of life has been lessened by the nuisance, thus she is entitled to bring suit and recover damages, including damages for pain and suffering.

49.     Plaintiff is entitled to an award of attorney's fees and costs incurred in bringing this suit under Utah Code Ann. §78B-6-1114.

---

[16] Utah Code Ann. §78B-6-1101(6).
[17] Utah Code Ann. §78B-6-1102(2).

10

**FOURTH CAUSE OF ACTION**
**Wrongful Gains/Unjust Enrichment**

50.     Plaintiff incorporates the foregoing paragraphs herein.

51.      Defendants' failure to construct or configure its facility in a manner which complies with the ADA and refusal to remove architectural barriers to access by disabled persons has conferred an economic benefit on Defendants.

52.     Defendants have failed to comply with the requirements of the ADA and remove barriers to access by disabled persons on their premises.

53.     Defendants have gained an economic advantage and have been unjustly enriched by "cutting corners" in construction to exclude building features intended to aid access by disabled persons.

54.     Under the principles of equity, Defendants should not be allowed to retain the benefit of their ill-gotten gains at the expense of disabled persons such as Plaintiff and should be ordered to disgorge the full amount of economic gain to Plaintiff for requiring her to bring this suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against the Defendants as follows:

A.      For a permanent injunction requiring Defendants to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a) within a reasonable time but, in no event, greater than six (6) months;

B.      For an order of the Court: 1) declaring that there is an actual controversy between Plaintiff and Defendants with regard to each of Defendants' violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendants' facility;

C.      For a permanent injunction enjoining Defendants from maintaining the nuisance on their premises pursuant to Utah Code Ann. §78B-6-1102(2).

D.      For an award of compensatory and punitive damages (in an amount to be determined at trial) to Plaintiff under Utah Code Ann. §78B-6-1102(2) for the nuisance created by Defendants;

E.      For an order of the Court ordering Defendants to disgorge all amounts (as deemed appropriate by the Court) improperly retained by Defendants through their failure to construct an ADA-compliant premises and/ or their failure to remove barriers to access by persons with disabilities.

F.      For an award compensating Plaintiff for damages, including but not limited to pain and suffering incurred due to the illegal architecture and public nuisance; and

G.      For an award of Plaintiff's attorney's fees and costs of bringing this suit as authorized by the ADA at 42 U.S.C. §12205 and the Utah Code on public nuisances at §78B-6-1114; and

H.      For any and all other relief the Court deems just and equitable.

DATED this 20th day of April, 2016.

FORD & CRANE PLLC


/s/      Matthew B. Crane
Adam D. Ford (UTB# 11363)
Matthew B. Crane (UTB# 13909)
*Attorneys for Plaintiff*